IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORETTA ANN GREER,

           Plaintiff,

vs.                                                                                       No. CIV-03-0188  WPJ/LAM

YOUR CREDIT, INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court pursuant to Defendant Your Credit, Inc.'s Motion to Dismiss Counts III, IV and V of the Plaintiff Loretta Ann Greer's Complaint, filed February 24, 2003 [Docket  No. 5] and Plaintiff's Motion to Supplement the Record, filed March 28, 2003 [Docket No. 10].   Having reviewed the briefs of the parties and the pleadings in this case, I find that Defendant's Motion to Dismiss Counts III, IV and V  is well taken in part and will be granted in part.   Plaintiff's Motion to Supplement the Record is not well taken and will be denied.

Plaintiff Loretta Ann Greer was employed by Defendant, Your Credit, Inc. from May 28, 1996 to June 25, 2001.   She was the branch manager of Defendant's Clovis office  when her employment was terminated.

Plaintiff subsequently filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC").    A Notification of Dismissal and a Notice of Right to Sue were issued by the EEOC on September 25, 2002.  Greer filed this action in the Ninth Judicial

District Court, County of Roosevelt, on December 18, 2002, alleging that Defendant discriminated against her because of her race (African-American) and disability (sickle cell anemia) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Americans with Disabilities Act ("ADA"). Plaintiff's complaint also alleged that Defendant breached an express contract, breached an implied contract, and committed a prima facie tort when it terminated her employment. Plaintiff served Defendant with her Summons and Complaint on January 10, 2002 and pursuant to 28 U.S.C. § 1446(b), Defendant timely filed a Notice of Removal on February 7, 2003.

Defendant moved to dismiss Count III, Breach of Express Contract, Count IV, Breach of Implied Contract, and Count V, Prima Facie Tort, for failure to state a claim upon which relief can be granted. Defendant attached a copy of the Royal Management Employee Handbook (Exhibit A) and an employment agreement allegedly signed by Greer on April 30, 2001 (Exhibit B) to its motion.

**Standard of Review**

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. David v City and County of Denver, 101 F.3d 1344, 1352 (10th Cir, 1996). When deciding a motion to dismiss, the Court must accept as true all well pleaded allegations in the complaint and construe them in the light most favorable to plaintiff. Stidman v. Peace Officer Standards and Training, 265 F.3d 1144 (10th Cir. 2001).

Consideration of matters outside the complaint when ruling on a 12(b)(6) motion generally converts that motion to a motion for summary judgement under the standards contained

in Fed. R. Civ. P. 56.  However, the Court may consider a document referenced in the complaint but not attached to it without converting a  motion to dismiss to a summary judgement motion when the document's authenticity is unquestioned and it is central to plaintiff's claim.  <u>GTF Corp. v. Associated Wholesale Grocers, Inc.</u>, 130 F.3d 1381, 1384 (10th Cir. 1997).

Plaintiff Greer disputes the authenticity of both documents attached to Defendant's motion.  Plaintiff explains that she was employed by Your Credit, Inc., not "Royal Management,"and that the Royal Management Employee Handbook ("the Handbook")  was never provided to her. Plaintiff argues  that the Court should not consider the Handbook in reaching its decision on Defendant's motion to dismiss, despite her reliance on "an employee handbook" as the basis for her express contract claim.  She also questions the validity of  the April 30, 2001, employment agreement (Exhibit B) which appears to be signed by Plaintiff, signed by a representative of the Defendant, and properly notarized.  Although  the Court could properly consider the Handbook and the 2001
agreement in its ruling if their authenticity was unchallenged by Plaintiff,  her objections to  the exhibits cannot be disregarded by the Court.  The Court will allow discovery to proceed on these issues and will  not consider the disputed documents for purposes of this decision.

**Plaintiff's Motion to Supplement the Record**

Plaintiff filed a Motion to Supplement Record on  March 28, 2003  [Docket No. 10]  and attached an employment agreement  and an affidavit to her motion.  The employment agreement was  signed by Greer and notarized on  May 3, 1999, but  no signature  by any representative of the Defendant appears on the document. Paragraphs 11 through 18 are missing from the copy submitted to the Court.  Plaintiff's affidavit states that she signed the 1999 agreement but did not

3

sign the 2001 agreement.  Greer does not suggest that the agreement which she wants the Court to place in the record was the operative agreement in June 2001, rather, she contends that it establishes that there is an issue "regarding what constituted the agreement between the parties."

Defendant Your Credit, Inc.'s Response to Plaintiff's Motion to Supplement Record [Docket No. 14] argues that Plaintiff signed eight separate employment agreements with Your Credit and that the 1999 agreement which she submitted to the Court was superseded by subsequent agreements.  Defendant claims that all its agreements with Plaintiff included the provision that Greer's employment was subject to termination "at any time and without notice or excuse."

At this stage of the litigation it is not necessary for the Court to decide which agreement applies.  Defendant may not rely on documents which are not properly before the Court and Plaintiff may not rely on arguments extending beyond the allegations of her complaint.  The complaint itself must show that Ms. Greer is entitled to relief under each claim raised.  Bauchman v.West High School, 132 F.3d 542, 550 (10th Cir. 1997). The 1999 agreement was not mentioned in or attached to Plaintiff's Complaint and may not be properly considered on a Rule 12(b)(6) motion to dismiss.  Plaintiff's Motion to Supplement the Record is not well taken and shall be denied.

**Motion to Dismiss**

Defendant seeks to dismiss Plaintiff's breach of express contract, breach of implied contract and prima facie tort claims.  New Mexico law applies to these claims. Bancoklahoma Mortg. Corp. v Capital Title Co, 194 F.3d 1089, 1103 (10th Cir. 1999).  (A federal court exercising supplemental jurisdiction over state law claims in a federal question lawsuit applies the

substantive law of the forum state.)

The general rule under New Mexico law is that an employment relationship is for an indefinite period and is terminable at the will of either party. Hartbarger v. Frank Paxton Co., 115 N.M. 665, 668, 857 P.2d 776, 779 (1993), cert. denied, 510 U.S. 1118 (1994). An employer's power to discharge may be restricted by express contract or by an implied contract arising out of employee handbooks, oral representations or conduct. Id.

Count III, Breach of Express Contract, states that an unspecified employee handbook is the basis for the contract which was allegedly breached by defendant. Defendant argues that Plaintiff's breach of contract claim should be dismissed for two reasons. First, it contends that the Royal Management Handbook is not an employment contract and did not change Greer's at-will employment status. Second, Defendant argues that an employment agreement was in effect between Greer and Your Credit in June 2001 which established that Greer was an at-will employee subject to termination at any time, with or without cause. As previously discussed, the Court will rule on the 12(b)(6) motion without relying on these two documents because of the disagreement between the parties regarding their authenticity.

Although New Mexico courts have recognized that an implied employment contract may arise from an employee handbook, Lukoski v. Sandia Management Co., 106 N.M. 664, 666-667, 748 P.2d 507, 509-510 (1988), Count III claims that the Defendant breached an express contract. There is no indication in the record that any specific document exists which restricts Your Credit's ability to end the employment relationship. No reference is made to any document other than "an employee handbook." Although Plaintiff disputes the authenticity of the 2001 agreement, she has not identified or produced the contract which she alleges Defendant breached.

5

A plaintiff with a deficient claim cannot survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relies.  See GTF Corp. at 1384.  Greer failed to establish the existence of the contract sued upon, and her breach of express contract claim shall therefore be dismissed.

Count IV, Breach of Implied Contract, states that " Defendant had a standard course of conduct of dealing with employees in good faith and fairly" that created an implied contract which Your Credit breached by terminating Plaintiff.  In Plaintiff's Response to the Motion to Dismiss, Plaintiff contends that an employee manual issued by her employer and oral representations made by her employer support this claim.  Greer does not make these allegations in her complaint and this Court cannot properly consider them.

Under New Mexico law, an employer creates an implied contract of employment where its words and actions create a reasonable expectation of termination only for cause.  Hartbarger, at 668.  An implied contract is created only where an employer creates a reasonable expectation of termination only for cause.  "The reasonableness of expectations is measured by just how definite, specific or explicit has been the representation or conduct relied upon."  Id.

Plaintiff's implied contract claim rests on Your Credit's "standard course of conduct."  A history of not firing employees except for good reason is not, by itself, sufficient to overcome the presumption of at-will employment, Id.;  however, an employer's conduct can restrict its power to discharge at will.  See Kestenbaum v.Pennzoil Co, 108 N.M. 20, 24-26, 766 P.2d 280, 284-86 (1988)   Plaintiff may be able to prove  facts in support of this claim entitling her to relief; therefore, Defendant's motion to dismiss the implied contract claim shall be denied.

**Count V, Prima Facie Tort**

The elements of a prima facie tort include: (1) an intentional lawful act by the defendant; (2) an intent to injure plaintiff; (3) injury to the plaintiff; and (4) the absence of justification or insufficient justification for the defendant's acts. Schmitz v. Smentowski, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990). Defendant seeks dismissal of this claim for three reasons. First, Defendant argues that the acts which form the basis of Greer's claim are unlawful violations of Title VII (Count I), Section 1981 (Count II), the ADA (Count VI) and that prima facie tort does encompass unlawful conduct on the part of the Defendant. Next, Defendant argues that Greer failed to make any allegation that Defendant intended to harm her. Finally, Defendant claims that recovery for the alleged conduct may be sought under other established doctrines of law.

Plaintiff alleges that she was fired for being "rude", a lawful act which she contends meets the first element she must plead in order to avoid dismissal of a claim for prima facie tort. She asserts that "Defendant acted with intent to injure Plaintiff" without further elaboration. Finally, she argues that she should be allowed to plead the claim as an alternative cause of action. She explains that " [i]f at the close of evidence, the Plaintiff's proof is susceptible to submission under one of the accepted categories of tort, the action should be submitted to the jury on one of the causes, and not under prima facie tort." Response, p. 13.

The New Mexico Supreme Court in Schmitz opined that prima facie tort should not be used to evade stringent requirements of other established doctrines of law. Id. at 398, 785 P.2d 726. The United States District Court for the District of New Mexico has previously refused to apply prima facie tort to the alleged wrongful termination of an employee in fact situations similar to Plaintiff's case. See EEOC v. MTS Corp, 937 F. Supp. 1503, 1516 (D.N.M.1996), Yeitrakis

v. Schering-Plough Corp., 804 F.Supp. 238 (D.N.M. 1992), Hill v Cray Research, Inc., 864 F. Supp.1070 (D.N.M. 1991).  The Court sees no reason to disregard what is persuasive and very well reasoned authority.  Accordingly,  Plaintiff's prima facie tort claim shall be dismissed.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Supplement the Record [Docket No. 10] is **DENIED**.

    IT IS FURTHER ORDERED that Defendant Your Credit, Inc.'s  Motion to Dismiss Counts III, IV and V of the Complaint [Docket No. 5]  is granted in part and denied in part.  Defendant's motion to dismiss Counts III and V is **GRANTED** and those counts are **DISMISSED WITH PREJUDICE**.  Defendant's motion to dismiss Count IV  is **DENIED**.

_____  
UNITED STATES DISTRICT JUDGE